## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| Juan C. Perez-Burgos | * | |
| Plaintiff | * | CIVIL NO. 20-1619 (   ) |
| | * | |
| v. | * | ABOUT: |
| | * | USERRA 38 U. S. C. § 4301 |
| Macy's, Inc., | * | Commonwealth of PR Public Law 80 |
| Macy's Puerto Rico d/b/a Macy's, | * | PR Civil Code, Arts. 1802 & 1803 |
| Elliot Feliciano, | * | |
| John Doe, Richard Roe, and their | * | |
| respective insurance companies | * | JURY TRIAL REQUESTED |
| Defendants | * | |

*******************************

### COMPLAINT

**TO THE HONORABLE COURT:**

Come plaintiffs, through the undersigned attorneys, and very respectfully state, allege and pray:

### I.    JURISDICTION:

1.    The jurisdiction of this Court is invoked under the provisions of the *Uniform Services Employment and Re-employment Rights Act of October 1994*, *38 U.S.C. § 4301 et. seq.*, (*USERRA Pub. Law 103-353*, October 13, 1994).

2.    This Court has original jurisdiction pursuant *USERRA (28 U.S.C. § 4301 et. seq.)* under the supplemental jurisdiction principles in the interest economy and of judicial efficiency Plaintiffs invoke the labor laws of the Commonwealth of Puerto Rico against discrimination and under *Public Law No. 80 of May 30, 1976*, also claims under *Puerto Rico Civil Code Article 1802, 1803 31 L.P.R.A. Sec. 5141*, *et. seq.,* (Torts).

3.    Trial by jury is hereby requested.

### II.    PARTIES:

4.      Plaintiff Juan C. Perez-Burgos, is married, of legal age and residents of Ponce, Puerto Rico.  His address is Urb. Jardines del Caribe, C-35 HH 25, Ponce, PR 00728. He is a veteran and member of the US Armed Forces, he is a member of the US Army Reserve. He was an employee and worked at co-defendant Macy's Puerto Rico at the time of the facts alleged in the complaint.

5.      Defendant Macy's, Inc. is one of the nation's premier omni-channel fashion retailers. The company comprises three retail brands, Macy's, Bloomingdale's and Bluemercury.  Macy's, Inc. is headquartered in New York, NY. His address is 151 West 34th Street, New York, NY 10001, Telephone Nos. (212) 494-3000, (800) 234-6229. It is the parental company of co-defendant Macy's Puerto Rico d/b/a Macy's.

6.       Co-defendant Macy's Puerto Rico d/b/a Macy's is a subsidiary of Macy's, Inc.  They operates and own the store Macy's located at Plaza del Caribe  2050 Ponce By Pass, Ponce 00717, Telephone No. (787) 984-1400.

7.      John Doe and Richard Roe are those persons who are in any way responsible for the facts and the damages alleged in this complaint. Also included are the insurance companies of all the defendants.

III.    **FACTS**:

**Related to all claims against defendants.**

8.      Macy's, established in 1858, is the Great American Department Store—an iconic retailing brand over 740 stores operating coast-to-coast and online. Macy's offers a first-class selection of top fashion brands including Ralph Lauren, Calvin Klein, Clinique, Estée Lauder & Levi's®. In addition to shoes and clothing, Macy's has a wide variety of housewares, gifts and

COMPLAINT
20-1619 (  )
Page 3

furniture in select stores.[1]  Macy's, Inc. is one of the nation's premier omni-channel fashion retailers.

The company comprises three retail brands, Macy's, Bloomingdale's and Bluemercury. Macy's, Inc.

is headquartered in New York, New York. With a national stores footprint, robust e-commerce

business and rich mobile experience, our customers can shop the way they live - anytime and through

any channel. It owns and operated the store Macy's located in Plaza del Caribe, Ponce, PR.

9.      On or around 2015 plaintiff Juan C. Perez-Burgos was hired as visual security officer

(VSO) in the Asset Protection Department of Macy's at Macy's Store located in Plaza del Caribe,

Ponce, PR. Once he worked temporally at Macy's Store, located in Mayaguez Mall, Mayaguez, PR

for approximately four (4 ) months.  Juan C. Perez-Burgos worked since 2015 until June 30, 2020.

10.      Plaintiff Juan C. Perez-Burgos is also a member of the US Armed Forces since April

2010.  He is a member of the US Army Reserve currently serving with the rank of Staff Sergeant,

in the Military Police Corps. He has been deployed twice (Rumania and Cuba), mobilized for

disaster relief (Hurricane Maria), and attended two (2) military schools.

11.      The performance of  plaintiff Juan C. Perez-Burgos during his career in  Macy's was

excellent, he never was admonished neither received any warning verbal or written.  He received

several performance appraisal (verbal).  He was recognized as the VSO of the month while working

at  Macy's Store located in Plaza del Caribe.  He was recognized as the employee of the month while

working at  Macy's Store, located in Mayaguez Mall, being the only security officer awarded this

recognition.

12.      Plaintiff  Juan C. Perez-Burgos was working for Macy's when he was mobilized with

---

[1]As per Macy's website

COMPLAINT
20-1619 (   )
Page 4

the US Army to Rumania. Upon his released from military active duty he returned to worked at

Macy's. He found that a new supervisor was hired by Macy's, Mr. Elliot Feliciano was hired as head

of the Assets Department.

13.     Plaintiff Juan C. Perez-Burgos was questioned for his military duties by his new

supervisor, Mr. Elliot Feliciano since his arrival. Defendant Feliciano objected and complained any

time that plaintiff Juan C. Perez-Burgos informed of his mandatory military drills, military schools,

military duty, etc. Defendant Elliot Feliciano threatened plaintiff Juan C. Perez-Burgos, telling him

on several occasions that he have to choose between his job at Macy's and the military service

because he (plaintiff) was killing him (*me estas haciendo un roto*) {any time that he was out in

military service}. Plaintiff Juan C. Perez-Burgos informed it to his co-worker Carlos Reyes, who

replied the supervisor was out of line.

14.     Defendant Elliot Feliciano even blocked him for a promotion, hiding the positions

(Mr. Marcano was appointed instead). Defendant  Elliot Feliciano refused to allow plaintiff Juan

C. Perez-Burgos to train with the other VSOs. On  June 2020 plaintiff Juan C. Perez-Burgos was

informed of a force reduction based on seniority in Macy's. Several of the employees retained by

Macy's were junior to plaintiff Perez-Burgos.

15.     Employees and co-workers junior, less experience and unqualified took over

plaintiff Juan C. Perez-Burgos' duties at  Macy's.

16.     Plaintiff Juan C. Perez-Burgos was fired/terminated because he was a member of the

United States Reserve Forces and because he was ordered to active duty by the US Army Reserve.

Co-defendants Macy's, Inc., Macy's Puerto Rico d/b/a Macy's, Elliot Feliciano  and other Macy's

employees discriminated against the plaintiff due to his military status, they violated plaintiff's right

under the *Uniform Services Employment and Re-employment Rights Act* (USERRA) of October

1994.  He was discriminated and treated different because he was a member of the reserve forces and

because he was ordered to active duty by the US Army Reserve.  He was terminated without any

valid cause but because his military service.

17.      The wrongful and negligent acts of all co-defendants, their managers, officials,

employees, and representatives, were the direct cause or contributed to the facts alleged in the

complaint and all the damages suffers by the plaintiff.

18.      Plaintiff filed a complaint in the *U. S. Equal Employment Opportunity Commission*

(EEOC).  The EEOC issued a Notice of Right on August 21, 2020.

## IV.      CAUSES OF ACTION:

All the paragraphs stated herein in the Jurisdiction and Facts are literary incorporated herein

and are made part of the following paragraphs and causes of action.

### First Cause of Action

19.      Plaintiff Juan C. Perez-Burgosrights under the provisions of the *Uniform Services*

*Employment and Re-employment Rights Act of October 1994*, *38 U.S.C. § 4301 et. seq.*, (*USERRA*

*Pub. Law 103-353*, October 13, 1994) were violated by defendants.

### Second Cause of Action

20.      Plaintiff Juan C. Perez-Burgos rights under the provisions of the labor laws of Puerto

Rico against discrimination and under *Public Law No. 80 of may 30, 1976*, is invoked under the

under the supplemental jurisdiction principles in the interest economy and of judicial efficiency.

### Third Cause of Action

21.      Plaintiff Juan C. Perez-Burgos rights under the provisions of *Puerto Rico Civil Code*

*Article 1802, 1803 31 L.P.R.A. Sec. 5141*, *et. seq.,* (Torts) is invoked under the supplemental

jurisdiction principles in the interest economy and of judicial efficiency.

## V.    DAMAGES:

All the paragraphs stated herein in the Jurisdiction, Facts and Causes of Action are literary

incorporated herein and are made part of the following paragraphs and causes of action. All

defendants are jointly responsible for all damages caused and suffered by all plaintiffs.

22.    Plaintiff Juan C. Perez-Burgos rights under the provisions of the *Uniform Services*

*Employment and Re-employment Rights Act of October 1994*, *38 U.S.C. § 4301 et. seq.*, (*USERRA*

*Pub. Law 103-353*, October 13, 1994) were violated by defendants. He suffered damages; damages

estimated on $1,500,000.00.

23.    Plaintiff Juan C. Perez-Burgos rights under the provisions of the *Uniform Services*

*Employment and Re-employment Rights Act of October 1994*, *38 U.S.C. § 4301 et. seq.*, (*USERRA*

*Pub. Law 103-353*, October 13, 1994) were violated by defendants. He is entitled to re-employment

with all the bonus, entitlements, fringe benefits, promotions, etc. accrued since he was discriminated

for advance/promotion and since he was terminated. He suffered damages; damages estimated on

$50,000.00.

24.    Plaintiff Juan C. Perez-Burgos, has suffered and continue to suffer, severe emotional

distress, affliction, anguish, deprivation; claims and rights under the provisions of *Puerto Rico Civil*

*Code Article 1802, 1803 31 L.P.R.A. Sec. 5141*, *et. seq.,* (Torts) invoked under the supplemental

jurisdiction principles in the interest economy and of judicial efficiency.  Damages estimated on

$100,000.00.

25.    Plaintiff Juan C. Perez-Burgos, has suffered illegal labor discrimination, labor

**COMPLAINT**
**20-1619 (   )**
**Page 7**

treatment and dismissal of his full-time permanent job; claims and rights under the provisions of the

labor laws of Puerto Rico against discrimination and under *Public Law No. 80 of may 30, 1976*

invoked under the supplemental jurisdiction principles in the interest economy and of judicial

efficiency. Damages estimated on $50,000.00.

WHEREFORE, plaintiffs respectfully pray from this Honorable Court to render Judgement

in favor of plaintiffs and to award them a sum no less than ONE MILLIONS SEVEN HUNDRED

THOUSAND DOLLARS ($1,700,500.00) suffered by plaintiff Juan C. Perez-Burgos because of

defendants combined negligence, plus an additional amount for  attorney fees and court costs, all to

be paid severally by defendants.

JURY TRIAL DEMANDED.

RESPECTFULLY SUBMITTED.

In Ponce, Puerto Rico, this 8th day of November of 2020.

I HEREBY CERTIFY, that on this same date a true and exact copy of this document has
been filed electronically using CM/ECF system in US District Court and the CM/ECF system will
notify electronically it to:

> **RODRIGUEZ LOPEZ LAW OFFICE, P. S. C.**
> Juan R. Rodríguez
> PO Box 7693
> Ponce, Puerto Rico 00732-7693
> Tel. (787) 843-2828 \ 843-2900 Fax (787)284-1267
> Email: **juan_r_rodriguez00732@hotmail.com**
>          **juan.r.rodriguez00732@gmail.com**
>
>
> By:___*S\Juan R. Rodriguez*_____
>          **JUAN R. RODRIGUEZ**
>          **USDC 214410**